UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br>v.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; PHIL FRINK & ASSOCIATES, INC.; and ROSEMARIE AUSTIN, an individual,<br><br>Defendants. | Case No. 3:17-cv-00374-MMD-WGC<br><br>ORDER |

## I.  SUMMARY

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are the following motions: (1) Plaintiffs Federal National Mortgage Association ("Fannie Mae") and Nationstar Mortgage, LLC's ("Nationstar") motion for summary judgment (ECF No. 59); (2) Defendant Rosemarie Austin's countermotion to dismiss, filed *pro se* and which the Court construes as a motion for summary judgment[1] (ECF No. 63); and (3) Defendant's motion to grant her countermotion (ECF No. 70). The Court has reviewed the parties' responses (ECF Nos. 62, 69, 71) and replies (ECF Nos. 68, 74). The Court grants summary judgment in favor of Plaintiffs on their claim for quiet title against Austin because 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") preserved Fannie Mae's deed of trust. The Court denies Austin's motions and dismisses Plaintiffs' remaining claims as moot.

///

---

[1] The Court construes Austin's countermotion to dismiss as a cross motion for summary judgment based on the relief sought therein. Austin essentially seeks summary judgment on Plaintiffs' quiet title claims against her. (*See* ECF No. 63 at 11 (seeking declaration "that Austin is the legal recorded owner of the Property and holds the Deed of Trust free and clear").)

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

A joint tenancy deed of trust ("DOT") listing Candace J. Johnson and Judie A. Moore as the borrowers ("Borrowers") and Land/Home Financial Services, Inc. ("Land/Home") as the lender was executed on November 9, 1993. (ECF No. 59-2 at 2-10.) The DOT granted Land/Home a security interest in real property known as 239 Rue De La Chartreuse, Sparks, NV 89434 ("Property") to secure the repayment of a loan ("Loan") in the original amount of $75,000 to the Borrowers. (*Id.*) The Property was located within Rainbow Bend Homeowners Association ("Rainbow Bend" or "HOA"). (*Id.* at 8.)

The Borrowers failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien, an amended notice of delinquent assessment lien, a notice of default and election to sell, and a notice of foreclosure sale against the Property between May 2010 and June 2012. (ECF Nos. 59-8, 59-9, 59-10, 59-11.) The HOA sold the Property to itself in a foreclosure sale ("HOA Sale") on November 30, 2012, for $850. (ECF No. 59-12.) The HOA then transferred the Property to Austin via quitclaim deed recorded on December 16, 2014. (ECF No. 59-13.)

Fannie Mae purchased the Loan in December 1993 and acquired the DOT. (ECF No. 59-4 at 3.) Fannie Mae maintained that ownership at the time of the HOA Sale. (*Id.*)

The beneficial interest in the DOT was assigned several times and wound up in the hands of Bank of America, N.A. ("BANA") at the time of the HOA Sale. First, Land/Home assigned the beneficial interest to Western Sunrise Mortgage Co., LP ("Sunrise") on November 22, 1993. (ECF No. 59-3 at 2.) Sunrise then apparently assigned its interest to Express American Mortgage Corporation ("Express"), though the assignment is missing. (ECF No. 63 at 40 (affidavit of missing assignment of mortgage).) Nevertheless, Plaintiffs have produced an assignment of the interest from Express to NationsBanc Mortgage Corporation on January 5, 1996. (ECF No. 59-5 at 2.) Plaintiffs allege—and Austin does not dispute—that NationsBanc eventually became part of BANA. (ECF No. 59 at 5; ECF No. 63 at 3-4.) The beneficial interest in the DOT was not assigned again until May 31,

2017, to Nationstar. (ECF No. 59-7.) Thus, BANA was the servicer of the Loan for Fannie Mae at the time of the HOA Sale, a fact that the parties dispute as discussed *infra*.

The following claims are asserted in the Complaint: (1) both Plaintiffs assert declaratory relief under the Federal Foreclosure Bar against Austin; (2) both Plaintiffs assert quiet title under the Federal Foreclosure Bar against Austin; (3) Nationstar asserts declaratory relief under the Fifth and Fourteenth Amendments against all Defendants; (4) Nationstar asserts quiet title under the Fifth and Fourteenth Amendments against Austin; (5) Nationstar asserts declaratory judgment against all Defendants; (6) Nationstar asserts breach of NRS § 116.1113 against Rainbow Bend and its agent, Phil Frink & Associates, Inc. ("Frink"); (7) Nationstar asserts wrongful foreclosure against Rainbow Bend and Frink; and (8) Nationstar asserts injunctive relief against Austin. (ECF No. 1 at 11-21.) Plaintiffs primarily seek a declaration that the Federal Foreclosure Bar prevented the HOA Sale from extinguishing the DOT. (*See id.* at 21.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89

3

(1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

**IV. DISCUSSION**

Plaintiffs argue that the Federal Foreclosure Bar protects Fannie Mae's interest in the DOT. (ECF No. 59 at 9.) The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under

///

4

FHFA's conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *See id.* at 933.

The first two factors are satisfied because the Court grants Fannie Mae's request for judicial notice (ECF No. 59 at 8) of the following: (1) facts derived from the publicly available records of the Clark County Recorder; (2) FHFA's statement available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae; and (3) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website).

The third factor—whether Fannie Mae possessed an enforceable property interest at the time of the HOA Sale—is also satisfied. Fannie Mae has produced evidence in the form of business records and a declaration of a Fannie Mae employee describing those records to show that Fannie Mae acquired the Loan in December 1993 and continued to own the Loan at the time of the HOA Sale in November 2012. (ECF No. 59-4 at 3-4, 7.) Austin has not produced any evidence to the contrary. (*See generally* ECF Nos. 62, 63.)

Thus, the Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

Austin essentially argues that she is entitled to summary judgment because Plaintiffs have not shown that Nationstar's predecessor in interest—BANA—was the beneficiary of the DOT at the time of the HOA Sale. (ECF No. 63 at 6.) Plaintiffs respond

that Fannie Mae's business records show that BANA was the record beneficiary of the DOT and that Austin has not produced any evidence to the contrary. (ECF No. 68 at 3-4.) The Court agrees with Plaintiffs.

Plaintiffs provided Fannie Mae's business records from a database that Fannie Mae uses to track the millions of loans it owns nationwide. (*See generally* ECF No. 59-4.) The information from the database shows that Fannie Mae acquired the Loan in December 1993 and that BANA was the record beneficiary of the DOT at the time of the HOA Sale. (*Id.* at 4-5, 22.) The business records also are supported by a declaration from Fannie Mae's employee. (*Id.* at 4-5.) Austin doubts this evidence, but she has produced no contrary evidence of her own. (ECF No. 63 at 6.) Thus, the Court finds that Austin has failed to raise a genuine issue of material fact that would preclude summary judgment.

Austin also seems to argue that she is entitled to summary judgment as a bona fide purchaser. (*See* ECF No. 63 at 10 ("Austin purchased the Property from [the] HOA in good faith . . . .").) Even assuming that Austin is a bona fide purchaser, "the Federal Foreclosure Bar preempts Nevada's bona fide purchaser statute." *See, e.g.*, *U.S. Bank Home Mortg. v. Jensen*, No. 3:17-cv-0603-MMD-VPC, 2018 WL 3078753, at *2 (D. Nev. June 20, 2018). Thus, the Court rejects Austin's argument.

Austin further argues that Plaintiffs' claims against her must be dismissed because BANA did not comply with the Fannie Mae Single Family Selling and Servicing Guide ("Guide"). (ECF No. 63 at 7.) But BANA's failure to comply with the Guide has no bearing on the Federal Foreclosure Bar analysis. The Court asks only whether Fannie Mae was under FHFA's conservatorship, did not consent to such extinguishment, and possessed an enforceable property interest at the time of the HOA Sale. *Berezovsky*, 869 F.3d at 933. Thus, the Court rejects Austin's argument.

Austin requests an order staying the decision on Plaintiffs' motion for summary judgment and reopening discovery so she may depose or request documents and answers from the declarant interpreting Fannie Mae's business records. (ECF No. 63 at 11.) The Court denies this request because Austin has not filed a separate motion to stay.

Under Local Rule IC 2-2(b), "[f]or each type of relief requested or purpose of the document, a separate document must be filed . . . ." Moreover, Austin has presented no argument or evidence that extracting further information from Fannie Mae's employee would alter the outcome in this case. There is no indication that Fannie Mae's employee is in possession of information that would cause the Court to find that the Federal Foreclosure Bar does not apply in this case.

Accordingly, the Court will grant summary judgment in favor of Plaintiffs as to their claim for quiet title against Austin. The Court declares that the Federal Foreclosure Bar prevented the HOA Sale from extinguishing the DOT. Given that this is the primary relief requested in the Complaint (*see* ECF No. 1 at 21), the Court dismisses Plaintiffs' remaining claims as moot.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' motion for summary judgment (ECF No. 59) is granted as to Plaintiffs' claim for quiet title against Austin. The Court declares that the Federal Foreclosure Bar prevented the HOA Sale from extinguishing the DOT, resulting in the DOT continuing to encumber the Property. The Court dismisses Plaintiffs' remaining claims as moot.

It is further ordered that Defendant's countermotion to dismiss (ECF No. 63), construed as a motion for summary judgment, is denied. Defendant's motion to grant Defendant's countermotion (ECF No. 70) is denied as moot. The Clerk of the Court is instructed to enter judgment accordingly and close this case.

DATED THIS 8th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE