UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br>v.<br>RAINBOW BEND HOMEOWNERS ASSOCIATION; PHIL FRINK & ASSOCIATES, INC.; and ROSEMARIE AUSTIN, an individual,<br><br>Defendants. | Case No. 3:17-cv-00374-MMD-WGC<br><br>ORDER |

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. The Court previously granted summary judgment in favor of Plaintiffs Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") on their claim for quiet title against Defendant Rosemarie Austin because 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") preserved Fannie Mae's deed of trust. (ECF No. 76 at 1.) Before the Court are Austin's motion for reconsideration (ECF No. 78) and motion to re-open discovery (ECF No. 79). The Court has reviewed Plaintiffs' response (ECF No. 80) as well as Austin's reply (ECF No. 81). The Court denies Austin's motion for reconsideration because she has not set forth a valid reason for reconsideration. The Court denies Austin's motion to re-open discovery for the same reason, as it is essentially a motion for reconsideration.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No.*

*1J v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Austin does not present newly discovered evidence or an intervening change in controlling law. Thus, she must show that the Court committed clear error or that the initial decision was manifestly unjust. *See Sch. Dist. No. 1J*, 5F.3d at 1263. Austin has not done so. Rather, Austin continues to dispute the same kind of evidence showing Fannie Mae's property interest that the Court has accepted in dozens of other cases. These are arguments that could and should have been raised in response to Plaintiffs' motion for summary judgment. *See Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013).

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Austin's motion for reconsideration (ECF No. 78) is denied.

It is further ordered that Austin's motion to re-open discovery (ECF No. 79), construed as a motion for reconsideration, is denied.

DATED THIS 7th day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE