UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC.; FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs,<br>v.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; PHIL FRINK & ASSOCIATES, INC.; and ROSEMARIE AUSTIN, an individual,<br><br>Defendants. | Case No. 3:17-cv-00374-MMD-WGC<br><br>ORDER |

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. The Court previously granted summary judgment in favor of Plaintiffs Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") on their claim for quiet title against Defendant Rosemarie Austin because 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") preserved Fannie Mae's deed of trust. (ECF No. 76 at 1.) Austin moved for reconsideration, and the Court denied the motion because Austin simply rehashed earlier arguments. (*See* ECF No. 87 at 2.) Austin now moves for a stay of the Court's order granting summary judgment in favor of Plaintiffs pending appellate review. (ECF No. 88.) The Court denies the motion because Austin has not demonstrated a likelihood of success on the merits.[1]

A district court has discretionary power to stay proceedings in its own court. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (regarding a stay pending appeal). A court must consider four factors in evaluating whether to issue a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

///

---

[1] The Court finds it unnecessary to wait for a response to Austin's motion.

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434. "The first two factors of the traditional standard are the most critical." *Id.*

Austin has not demonstrated that she is likely to succeed on the merits. The Court twice has considered Austin's arguments and rejected them as unpersuasive. (ECF Nos. 76, 87.) Austin contends that she will be irreparably harmed in the absence of a stay and that Plaintiffs will not be substantially injured by a stay (ECF No. 88 at 3), but her likelihood of success on the merits is so low that a stay is not warranted. Moreover, the public interest weighs against a stay in this case. Austin has had two significant opportunities to prove her case and has failed to do so. The Court will not allow Austin to further delay resolution of this action.

It is therefore ordered that Austin's motion to stay this action pending appeal (ECF No. 88) is denied.

DATED THIS 23rd day of October 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE